

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*One Pierrepont Plaza*
*Brooklyn, New York 11201*

Mailing Address:   147 Pierrepont Street
*Brooklyn, New York 11201*

June 6, 2006

**By ECF and Hand**
The Honorable Edward R. Korman
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

>   Re:   Bekim Fiseku v. United States
>         Docket No. 05 Cv. 5703 (ERK)

Dear Judge Korman:

   The government opposes the petition filed by Beckim Fiseku, pursuant to Title 28, United States Code, Section 2255, challenging his conviction and sentence in United States v. Fiseku, 01 Cr. 1336 (ERK). Fiseku argues that his sentence violates the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005) because facts relevant to his sentence were not proven to a jury. See Petition, 5 ("In light of Booker and its progeny, the U.S.S.G. Procedures deprived the movant of due process under the Fifth Amendment and under the Sixth Amendment notice and jury trial guarantees to have all facts . . . legally essential to his sentence, to be charged in the indictment and proven to a jury beyond a reasonable doubt."). As discussed below, Fiseku's claim is both time barred and legally flawed: Fiseku's petition was filed well beyond the one-year permitted by statute and second, his conviction was final well before the decision in Booker and Booker is not retroactive. Additionally, Fiseku has waived his right to challenged his sentence by entering into a plea agreement with the government.

**A.      Statement of Facts**

Fiseku was indicted in December 2001 in a multiple defendant, multiple count indictment. He was charged principally with racketeering conspiracy pursuant to Title 18, United States Code, Section 1962(d). On July 1, 2002, Fiseku pled guilty to racketeering conspiracy pursuant to a plea agreement. He was sentenced by the Court to principally eighty-seven months imprisonment on February 7, 2003.

**B.      Argument**

As discussed below, Fiseku's claim is both procedurally barred and legally flawed. Fiseku has also waived the right to challenge his sentence.

**1.      Fiseku's Petition Is Time Barred**

First, Fiseku's claim is untimely and thus must be denied. As amended by the Antiterrorism and Effective Death Penalty Act, Section 2255 makes clear that "[a] 1-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255. This one-year limitation period runs from the date on which the judgment of conviction became final.[1]

In the event that no direct appeal is taken, a judgment of conviction becomes final "the day after [the defendant's] time to appeal expire[s]." Wims v. United States, 225 F.3d 186, 188 (2d Cir. 2000); see Sulaiman v. United States, 2002 WL 519718, at *1 (E.D.N.Y. Apr. 2, 2002) (Johnson, J.)(concluding that a conviction is deemed final for purposes of habeas corpus 10 days after judgment is entered in the event that the petitioner does not file an appeal); see generally Fed. R. App. P. 4(b)(providing

---

[1] As set forth in Section 2255, the limitation period runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which any impediment imposed by the government to making a motion is removed; (3) the date on which the right asserted is newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the date on which the facts supporting petitioner's claim could have been discovered with the exercise of due diligence. 28 U.S.C. § 2255, ¶ 6. In this case, the petitioner has not stated any reason why the limitations period applicable to him should not run from the date that his conviction became final.

notice of appeal deadlines).

Here, the Court entered an amended judgment of conviction against petitioner Fiseku on February 12, 2003. The petitioner never filed an appeal. Excluding weekends under Fed. R. Cr. App. P. 26(a)(2), Fiseku's conviction became final on February 27, 2003; he thus had until February 27, 2004 to file his petition under Section 2255. Accordingly, the instant petition, which is dated December 8, 2005, more than twenty months after his deadline for filing a petition under Section 2255, must be denied as untimely. See, e.g., Sulaiman, 2002 WL 519718, at *1 (Johnson, J.) (denying Section 2255 petition as time-barred when filed over two years after expiration of AEDPA filing period).

### 2. Fiseku's Claim is Legally Flawed Because Booker Has Not Been Applied Retroactively

Second, even if Fiseku's claim is considered on the merits it must be denied. Fiseku's reliance on United States v. Booker, 125 S. Ct. 738 (2005) is misplaced. In short, Booker is not retroactive and thus does not apply to cases on collateral review where, as here, Fiseku's conviction was final as of January 12, 2005, the date Booker was decided.

In Booker, the Supreme Court expressly extended its holding that the United States Sentencing Guidelines were no longer mandatory to all cases pending on direct review, see Booker, 125 S. Ct. at 769, but the Court "made no explicit statement of retroactivity to collateral cases," Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005)(per curiam). Subsequently, in Guzman v. United States, 404 F.3d 139 (2d Cir. 2005), the Second Circuit held that Booker does not apply retroactively to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that Booker issued.

In Guzman, the defendant was convicted of various racketeering and drug-trafficking counts and sentenced under the Sentencing Guidelines to six life terms plus 145 years based, in part, on factual findings made by the court. The defendant subsequently filed a motion pursuant to Section 2255 collaterally attacking his sentence. The district court denied the petition. On appeal, the Second Circuit considered the petition in light of Booker. See id. at 140. In particular, the Second Circuit conducted the "retroactivity" analysis set forth in Teague v.

Lane, 489 U.S. 288 (1989) and found that Booker established a new rule, but did not establish a substantive or "watershed" rule of procedure. See id. at 141-44. The Court thus concluded that "Booker is not retroactive, i.e., it does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that Booker issued." Id. at 144.

Applying Guzman, courts in the Second Circuit have denied Section 2255 petitions that collaterally attack a sentence for applying Guidelines enhancements that were not proven to a jury. See, e.g., Gallego v. United States, No. 04 CV 5584 (CPS), 2005 WL 1398089, at *1-2 (E.D.N.Y. June 13, 2005); Jennings v. United States, No. 04 CIV 9741 (SHS), 2005 WL 1387987, at *1 (S.D.N.Y. June 6, 2005); Pena v. United States, No. 04 CIV 9700 (AJP), 2005 WL 1176073, at *2 (S.D.N.Y. May 18, 2005); Yuzary v. United States, No. 04 CIV 2809 (RPP), 2005 WL 926909, at *8 (S.D.N.Y. Apr. 21, 2005). Similarly, Guzman precludes the retroactive application of Booker to Fiseku's claim in this case. Accordingly, Fiseku cannot collaterally attack his sentence under Booker.

### 3. Fiseku Waived His Right To Challenge His Sentence

Finally, as articulated in his plea agreement, Fiseku waived his right to appeal or otherwise challenge his sentence provided it was within the specified Sentencing Guideline range – here 135-168 months. Because the Court imposed a sentence of eighty-seven months, below the threshold stated in the plea agreement, Fiseku has waived his right to challenge his sentence.

Courts "interpret plea agreements according to principles of contract law." United States v. Salcido-Contreras, 990 F.2d 51, 52 (2d Cir. 1993). In United States v. Pipitone, 67 F.3d 34, 39 (2d Cir. 1995), the Second Circuit expressly rejected a habeas petitioner's attempt to challenge his sentence of 63 months where he had agreed, pursuant to his plea agreement, not to challenge a sentence shorter than 78 months. See also Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001)(per curiam)(affirming district court's denial of Section 2255 petition on the ground that petitioner had waived right to attack his sentence collaterally pursuant to plea agreement). Accordingly, Fiseku's petition must be denied.

4

## **Conclusion**

   For the foregoing reasons, the Court should deny Fiseku's petition in its entirety.

              Respectfully submitted,

              ROSLYNN R. MAUSKOPF
              United States Attorney


          By: _____
              Greg D. Andres
              Assistant U.S. Attorney


cc: Beckim Fiseku
   Fed. Reg. No. 59080-053
   U.S.P. Lee County
   P.O. Box 305
   Jonesville, Virginia 24263
   ***(By U.S. Mail)***